GEORGE ARLINGTON v. THE STATE.

No. 8236.          Decided January 16, 1924.

Rehearing denied June 25, 1924.

1.—Robbery—Circumstantial Evidence—Charge of Court.

Upon trial of robbery, there was no error in the refusal of a requested charge on circumstantial evidence, the case being one of direct evidence and that both the defendant and his companion took part therein. Following: Anderson v. State, 85 Texas Crim. Rep., 411, and other cases.

2.—Same—Principals—Charge of Court—Requested Charge.

Where the defendant's requested charge was covered by the main charge of the court on principals, there was no error in refusing same.

3.—Same—Identification of Defendant—Sufficiency of the Evidence.

Where, upon trial of robbery, the court sanctioned the introduction by the State of various circumstances tending to supplement the direct evidence identifying the appellant, properly instructing the jury, and the evidence was otherwise sufficient to sustain the conviction, there is no reversible error.

4.—Same—Bill of Exceptions.

Where the bill of exceptions did not describe the papers which were found in possession of the appellant, the same could not be considered; besides, testimony that articles were found in the appellant's possession was admissible. Following: Jones v. State, 85 Texas Crim. Rep., 538.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Felix D. Robertson.

Appeal from a conviction of robbery; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*Howard H. Dailey,* and *Harper & Lewis,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney and *Shelby S. Cox,* District Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery; punishment fixed at confinement in the penitentiary for a period of thirty-five years.

Everett Knott, the subject of the robbery, gave a description of the occurrence, which is in substance as follows: He was an employee of a mercantile company having a number of retail stores in the city of Dallas. It was his duty to visit these stores and collect the money that had been received at each of them. He, in company with Edward Hunt, Jr., another employee of the company, while engaged in the pursuit mentioned and riding in a Ford automobile upon one of the streets of Dallas and having in his possession a hand satchel containing about $2400.00 in money, was robbed. A Cadillac automobile was driven by the appellant to the side of the Ford car, and Whalen, a companion of the appellant, presented two pistols. Knott and his companion were forced to stop by the driving of the Cadillac, angling towards the sidewalk and towards the Ford car. When the cars stopped, Whalen got out of the Cadillac car, still holding the pistols levelled at Knott and Hunt, demanded the satchel containing the money, and took possession of it. After obtaining the money, Whalen got back into the Cadillac car and it was driven away. The appellant and Whalen were afterwards arrested in Oklahoma City. Various circumstances were introduced fortifying the State's case in identifying them as the offenders.

In addition to the main charge, there were given some fourteen special charges prepared by the appellant.

We are unable to agree with the appellant's position that there should have been a charge on the law of circumstantial evidence, for the reason that there was direct evidence that both the appellant and Whalen took part in the commission of the offense. It is true that where the actual assault was committed by another, the mere presence of the accused would not deprive him of the right to have his connection with the offense determined by the rule of circumstantial evidence. Anderson v. State,, 85 Texas Crim. Rep., 411, and cases there cited; Joyce v. State, 90 Texas Crim. Rep., 265; Early v. State, 50 Texas Crim. Rep., 344; Ellsworth v. State, 92 Texas Crim. Rep., 335. The evidence that the appellant aided and encouraged his companion Whalen in the assault is not an inference drawn from other facts. It comes directly from the testimony of the injured person.

The law of principal offenders was embraced in the main charge of the court which included an instruction to the effect that to hold the appellant responsible for the act of Whalen, appellant must have aided Whalen with knowledge of his unlawful intent. The same principle was embraced in appellant's Special Charge No. 15, which was

given to the jury. The court properly declined to repeat this instruction by giving the additional requested charges.

Appellant did not testify, and there was no affirmative testimony, direct or circumstantial, leading to the conclusion that the appellant was not aware of the unlawful intent of Whalen. He and Whalen were together in the daytime. Appellant using the automobile which he was driving, caused the injured party to stop his car while Whalen, with drawn pistols on Knott, got out of the car controlled by the appellant and took the property away from Knott, after which Whalen and the appellant escaped in the automobile driven by the appellant. All that the law demanded touching the appellant's knowledge of the unlawful intent to Whalen was given in the main charge and special charges.

The court sanctioned the introduction by the State of various circumstances tending to supplement the direct evidence identifying the appellant. Among other items which were in evidence was the automobile used by the appellant in committing the offense, which was of the same make and model as that which he was using at the time of his arrest in Oklahoma City. At the time of the offense, the license number on the car was of a foreign state. The one on the car at the time of his arrest was issued in Dallas, Texas, a short time prior to the date of the offense and was delivered to one bearing the appellant's name. The envelope in which this Texas license was enclosed was found on the premises occupied by the appellant and his companion in committing the offense.

Appellant and his companion, shortly after the robbery, purchased merchandise from a certain store in the city of Dallas, and at the time one of them exhibited a roll of bills. A paper usable for wrapping and bearing the advertisement of the store at which the appellant and his companion bought the articles mentioned was found in the room in Dallas which had been occupied by them immediately before the robbery, and from which they had departed very soon after the robbery was committed. The appellant and his companion, at the time of their arrest, occupied rooms in the same apartment in Oklahoma City, and in the room of each of them was found a pistol which coincided in appearance with the general description of the pistols used in the robbery as given by the injured party. In the room of Whalen was found a package of United States currency among which was one bill containing peculiarities by which it was identified by one of the witnesses as one of the bills taken from Knott. A pair of goggles were worn by Whalen at the time the offense was committed, and a like pair was found in his room at the time of his arrest.

The court instructed the jury that proof touching the articles found in possession of Whalen after the robbery could not be considered against the appellant, unless the jury believed beyond a rea-

sonable doubt, that such articles were obtained or used in the commission of the offense. In receiving the testimony mentioned, the learned trial judge did not, in the opinion of this court, offend against any rule of evidence. It is true that, as a general rule, the acts and declarations of a co-conspirator occurring subsequent to the commission of the offense should not be received against the accused on trial, but an exception to that rule obtains when it is shown that such co-conspirator is found in possession of the fruits of the crime or the weapons or instruments with which it was committed. Branch's Ann. Tex. P. C., Sec. 695. The exception prevails in the present case. The possession of the weapons or instruments used in committing the robbery or any of the property obtained by Whalen would tend to incriminate him, and it appearing from the direct evidence that the appellant acted with Whalen, the circumstances mentioned are corroborative of the direct evidence pointing to the guilt of the appellant. Pierson v. State, 18 Texas Crim. App., 561, and other cases collated in Branch's Ann. Tex. P. C., Sec. 695, subdivision 3; Williams v. State, 88 Texas Crim. Rep., 87; Wharton's Crim. Evidence, Vol. 2, Sec. 518e.

The evidence introduced showing the association of the appellant and Whalen both before and after the offense was properly received on the issue of the appellant's identity. Wharton's Crim. Evidence, Vol. 1, sec. 27, and Vol. 2, sec. 518e.

The bill complaining of the testimony that the appellant had upon his person certain papers shows no error. The bill does not describe the papers which were found in possession of the appellant. The proof of articles found in the appellant's possession, however, if relevant, would have been admissible. Jones v. State, 85 Texas Crim. Rep., 538.

The record revealing no error, the judgment is affirmed.

*Affirmed.*

[Rehearing denied June 25, 1924. Reporter.]