249 P.2d 197

STATE v. COFER.

No. 7858.

Supreme Court of Idaho.

Oct. 15, 1952.

Clark & Holladay, Gus Carr Anderson, Pocatello, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Leonard H. Bielenberg, Assts. Atty. Gen., Hugh C. Maguire, Jr., Prosecuting Atty., Pocatello, for respondent.

THOMAS, Justice.

The defendant, Joe Cofer, was charged with and convicted of armed robbery of Okay Food Store in Pocatello, Idaho, on June 30, 1951. From the judgment the defendant appealed.

On the evening of June 30, 1951, between the hours of ten o'clock and eleven o'clock P.M., the store was robbed by two armed men who were masked.

At the time the store was closed to the public; some of the employees were engaged in checking the day's receipts in the back room of the store, which is separated from the main portion by a partition, while others in the front part of the store were engaged in taking inventory.

The robbery took place in the back room of the store out of view of all the employees except four of them who, at different times, entered the back room to participate in checking the day's receipts and were each struck several blows with the butt of a gun and repeated threats made upon their lives. More details in these respects will be set forth in connection with the treatment of certain assignments of error.

It was not known how or when the robbers entered the store. They departed with approximately $2914, consisting of currency and silver of various denominations.

Prior to the robbery and on June 27, 1951, the defendant and another man, who requested accommodations for four days, registered at the White Motel in Pocatello, Idaho. The defendant was registered under the name of Joe Harrington and the other party under the name of Larry Blackwell. As was the usual practice the owner of the Motel requested the license number of the car and was advised that it was 3005210, Denver. The owner being suspicious, personally checked the license number and determined that it was 30–1502, Montana, and so indicated it on the register. The owner further made the observation that they were driving either a 1949 or 1950 maroon Ford. The two men were requested to and did check out the next morning.

That same morning the two men appeared at another motor court where the defendant registered under the name of Joe Cofer. At this time they were driving either a 1949 or 1950 dark maroon Ford bearing license number 30–1502, Montana. They occupied these latter accommodations until somewhere between 4:30 and 8:00 o'clock on the evening of the robbery.

During the evening of the robbery a witness who lived in and owned a duplex across the alley from the rear of the store, observed a dark colored 1949 or 1950 Ford parked in the alley. He recalled that the first two numbers of the license plate were 30, and at first thought the outline of the license plate was that of the State of Tennessee, but later satisfied himself that it was a Montana license plate. Later, while he was in his home, he heard the screech of tires and soon thereafter the sound of police sirens. He left his home and went to the back door of the store, and in so doing noticed that the car had gone and later, upon inspection of the spot where the car had been parked, noticed there were two burnt tire marks.

Following the robbery, road blocks were set up and the sheriff of Bingham county, participating in a road block south of Blackfoot, at about two o'clock A.M., July 1, 1951, stopped a dark colored 1949 Ford traveling north. The sole occupant of the car, by means of his driver's license, identified himself as the defendant and was per-

-mitted to pass. The sheriff identified the defendant at the trial.

At about eleven o'clock P.M., July 1, 1951, the police of Butte, Montana, arrested the defendant, who was in possession of a 1949 Ford bearing license 30–1502, Montana, a loaded .38 Iver Johnson revolver, and a sack of money containing $70 in currency and approximately $240 in silver of various denominations. Some of this money was wrapped and some was loose. It was found under the front seat of the car. It was counted in the presence of the defendant at the police station. The defendant, while at the police station in Butte, admitted the ownership of the car, gun, and money, and also that he was in Pocatello on the night of the robbery and that he arrived in Butte the following evening about six o'clock.

On July 3, 1951, Mr. Nelson, Chief of Detectives of the Pocatello police force, conversed with the defendant at Butte, and on several occasions after he returned the defendant to Pocatello. During these conversations the defendant admitted the ownership of the gun and the money found in his car, but denied participation in the robbery.

On the evening of July 3, 1951, after officer Nelson had brought defendant to the police station in Pocatello, Idaho, police officer Hadley conversed at length with the defendant over a period of several hours. Hadley testified that the defendant admitted to him that he was a participant in the robbery with another man whom he knew only by the name of Tom; Hadley further testified that the defendant inquired as to whether or not the charges could be reduced and that he wanted to see if Tom would be apprehended. The defendant did not sign a statement that night. Officer Hadley made a summarized written report of the conversation.

There are six assignments of error; the first one challenges the sufficiency of the evidence to sustain the verdict and all other assignments, which will be hereafter discussed, relate to the admission and rejection of certain evidence.

It is first urged that the evidence is not sufficient to sustain the verdict. This assignment is particularly directed at the credibility of the witnesses and the insufficiency of the evidence to establish the identity of the defendant. Three of the employees of the store who were held as virtual prisoners during the robbery testified as to the identity of the defendant. None of them saw the face of the robber, because he was masked. One of them, Robert Buchler, testified that one of the robbers, whom he identified as the defendant, gave many commands to him and repeatedly threatened his life, all of which took place in his presence for a period of three or four minutes, and that the defendant had an unusual voice with a peculiar accent which left an impression with him, and that when he heard the voice of defendant in the police station

later he was positive that defendant was one of the robbers; Buehler was corroborated with reference to the peculiarity of the voice of defendant by officer Nelson, who testified that defendant had an eastern accent and that he would recognize the voice any time even though the defendant spoke out of his sight. Mrs. Nielson, the owner of the first motor court at which defendant was registered, testified that defendant was registered, testified that defendant spoke with an accent. Mr. Achenbach, another employee who had ample opportunity to carefully observe the robber, testified that he had long thick hair, combed back and parted in the center and down the middle in the back, and that the hair appeared to be plastered back; he also testified that this particular robber was of a gorilla type with broad shoulders; a few days later, at the police station, he identified the defendant as one of the robbers; he was corroborated in these respects by Mrs. Nielson and officer Sullivan of the Butte police force, and officer Nelson of the Pocatello police force.

It is not necessary that identification be made with reference to any particular facial feature or that the witness saw the face of the accused, but may be made on the basis of other peculiarities such as the voice or general appearance. People v. Wilson, 76 Cal.App. 688, 245 P. 781; Bowlin v. Commonwealth, 195 Ky. 600, 242 S.W. 604; People v. Bailey, 82 Cal.App. 700, 256 P. 281; 22 C.J.S., Criminal Law, § 616, p. 938. This court is unable to find any merit in the contention of the appellant that the testimony of these witnesses is inherently improbable. Appellant was before the jury and the opportunity was afforded the jury to weigh the testimony of the witnesses relative to the identity of appellant in connection with their observation of appellant. Even though this court may feel that the evidence relating to the identity of the accused is not too strong, yet where it is legally sufficient, it is not for this court to interfere with or invade the province of the jury. People v. Coley, 61 Cal.App.2d 810, 143 P.2d 755.

The credibility of witnesses as well as the weight to be given their testimony is exclusively for the jury and if there is sufficient evidence in the record to support the verdict of the jury it will not be disturbed on appeal. State v. Brown, 53 Idaho 576, 26 P.2d 131; State v. Wilson, 51 Idaho 669, 9 P.2d 497; State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195; State v. Sterrett, 35 Idaho 580, 207 P. 1071; State v. Bouchard, 27 Idaho 500, 149 P. 464.

Appellant assigns as error the admission in evidence of a .38 revolver, Iver Johnson. This gun was found in the glove compartment of the appellant's car in Butte, Montana, some twenty hours after the robbery. Appellant admitted to the officers in Butte, Montana, and to officer Nelson that it was his gun. The serial number of the gun taken from the car was identical with the serial number of the gun admitted in

evidence. The witness Robert Buehler testified that the robber with the peculiar voice had a small black automatic during the robbery, but also testified that he was not sure, yet that he knew that it resembled the .38 that he saw at the police station at Pocatello which was introduced in evidence. Witness Achenbach testified that he saw a gun in the possession of the man with the long thick hair, combed back and parted in the center and down the middle in the back, and that he did not really know the difference between an automatic and a revolver but that the gun was very short and the barrel was stubby and thick. While neither witness positively identified the gun admitted in evidence as the gun they saw in the possession of the appellant during the robbery, both testified that the gun introduced resembled and in effect had the general appearance of the gun they saw in the possession of the appellant. The effect of the evidence of both witnesses that the .38 revolver, Iver Johnson, found in the car of the appellant generally met the description given by each witness of the gun used in the robbery is sufficient to render the exhibit admissible in evidence. It is not the requirement of the law of evidence in such a case as this, that the gun offered in evidence be positively identified as the weapon used in the perpetration of the crime; such exhibit is admissible under the circumstances when the testimony shows that the gun offered in evidence at the trial is similar in appearance and answers the same general description as that given by the witnesses. People v. Raucho, 8 Cal.App.2d 655, 47 P. 2d 1108; People v. Radovich, 122 Cal.App. 176, 9 P.2d 542, and cases therein cited; Arlington v. State, 98 Tex.Cr.R. 68, 263 S. W. 593. It was not error to admit the gun in evidence.

■ Appellant assigns as error the admission in evidence of a sack of money found under the seat of appellant's car, which money he admitted belonged to him. It is urged that the money was not identified with reasonable certainty, an indispensable requirement. State v. Sullivan, 34 Idaho 68, 199 P. 647, 17 A.L.R. 902; State v. Nesbit, 4 Idaho 548, 43 P. 66. The total amount of the money was approximately $314 and consisted of $70 in currency and the balance in silver of various denominations. Some of the silver was wrapped in rolls and some was loose. That there was a robbery of the store on the day in question is without dispute, and equally without dispute is the fact that two robbers who perpetrated the crime took in excess of $2900. One of them was never apprehended. None of the money so taken was earmarked, hence it could not be conclusively established that the money in the possession of appellant was the fruits of the crime charged. Much of this money was in wrappers exactly like the wrappers used by the store when it secured the money from the bank where it carried on its business. It is true

188

that the same type of wrapper was in general use by the banking concern, which has many branches throughout Idaho and Utah. While there was no complete identification of the money as that belonging to the store to the exclusion of every other possibility, the admission by the appellant that the money found under the seat of his car belonged to him, together with the brief interval between the robbery and the discovery of this money, both in wrappers and loose in the sack, and in denominations ranging from $1 to a nickel, were circumstances which tended to prove the charge of robbery. The fact that the money so found could not be conclusively established as that which appellant had obtained by perpetrating the robbery does not render the money inadmissible. It was the jury's province to determine the weight of this evidence as to identity. Proof of possession of money of such various denominations, some wrapped and some loose, within such a short period of time following the robbery, and of such denominations as were used by the store and were taken by the robbers, is admissible in evidence, its probative value being for the jury. We do not find prejudicial error in admission in evidence of this sack of money. State v. Huff, 56 Idaho 652, 57 P.2d 1080; People v. Filipak, 322 Ill. 546, 153 N.E. 673

It is next urged that the court erred in admitting in evidence over objection the testimony of officer Hadley concerning the conversation he had with appellant while in custody; it is urged that such testimony contained only the conclusions and opinion of the witness and that the same was in conflict with the written report he made to his superior. There is no merit to this contention of appellant. The written report made to his superior was not introduced in evidence but at the request of counsel for appellant was produced in court and exhaustive examination of Hadley with reference to the contents thereof was made. Hadley testified positively on direct examination and again under searching and severe cross-examination, as well as under re-direct and re-cross examination that the appellant admitted participation in the robbery with a man whom he knew only as Tom and he inquired of officer Hadley if the charge of robbery could be reduced; Hadley further testified that he made no promises in any respect to appellant and advised him he had nothing to do with whether or not the charge could be reduced. While the statements made by the appellant border closely to a confession, this court is inclined to the view that such statements partake more in the nature of an admission voluntarily given without threat, coercion, promise of immunity or an offer of a reward.

Statements or declarations of a party accused of crime, which do not amount to a confession but from which, in connection with other evidence, an inference of guilt may be drawn, are ad-

missible in evidence against the accused. State v. Campbell, 70 Idaho 408, 219 P. 2d 956; State v. Hargraves, 62 Idaho 8, 107 P.2d 654; State v. McDermott, 52 Idaho 602, 17 P.2d 343; State v. Wilson, 51 Idaho 659, 9 P.2d 497; State v. Stevens, 48 Idaho 335, 282 P. 93; State v. Garney, 45 Idaho 768, 265 P. 668; 22 C.J.S., Criminal Law, § 730, p. 1243.

■ Appellant urged that the court erred in allowing the witness Hadley to explain the contents of the written report of his conversation with the accused on the ground that the report was itself in evidence. The report was never offered in evidence but was brought into court upon motion of appellant, who proceeded to examine Hadley in connection therewith. This report was a brief summary in the nature of a memorandum and was decidedly incomplete and in many respects unintelligible without explanation, except perhaps to the police officers. Counsel for appellant read passages therefrom to establish that the report did not contain any statement of any admission on the part of the accused that he committed or was implicated in the robbery. Counsel for the state, over objection, then proceeded to elicit from Hadley his explanation of the contents of the report and his reasons for failing to make it more complete and specific. The evidence elicited by counsel for the state was explanatory of the daily report, rendering more definite, certain, and complete, the evidence previously given by the officer and to diminish the force of the unfavorable inferences brought out by counsel for appellant. Such testimony is admissible for such purposes. 31 C.J.S., Evidence, § 163, p. 874. The rule has been applied in criminal proceedings. Terry v. U. S., 4 Cir., 51 F.2d 49.

■ Appellant urged that it was prejudicial error to admit testimony of officer Nelson over objection, narrating the conversation he had with the appellant in the police station at Pocatello, Idaho, wherein the appellant among other things told officer Nelson that when he left Anaconda, Montana, together with the man named Tom, they brought a woman with them; that when they got to Idaho Falls they registered at a motel where they rented two cabins, one occupied by the woman and the other by himself and Tom; that when the three of them arrived at Pocatello he gave the woman $5 and told her to register at a hotel on the west side of Pocatello. It is urged by appellant that the admission of such testimony was highly prejudicial to appellant as it tended to show the commission of an independent crime, that is, bringing a woman into Idaho for immoral purposes. The fact that the woman accompanied appellant to both Idaho Falls and Pocatello, occupying a separate cabin or room, does not imply that she accompanied appellant for immoral purposes; on the contrary, the testimony so offered was favorable to appellant. The statements made by appellant to of-

ficer Nelson were relevant, material and competent, and the incidental statements so made with reference to the woman as related do not affirmatively show error of a character sufficiently serious to warrant a reversal. The appellant, who has the burden to show error on appeal, after conviction has not done so and this court will not presume error. State v. Shaw, 69 Idaho 365, 207 P.2d 540; State v. Mundell, 66 Idaho 297, 158 P.2d 818.

It is finally urged that the court erred in refusing to permit the appellant on cross-examination to show interest and bias on the part of officer Hadley. During the cross-examination of Hadley, which was extended and exhaustive, the witness repeatedly testified that the appellant admitted that he was implicated in the robbery; during this cross-examination the trial court sustained an objection to the following question: "And it was quite a feather in your cap to be able to say that he made such a statement?" This question had reference to the admission which the officer testified the accused had made to him.

The right to cross-examine the witness for the purpose of showing his interest and bias was by no means denied appellant. Following the above ruling, counsel for appellant continued to cross-examine the witness at great length; among other things he asked him if he did not have influence with the prosecuting attorney and would work out any deal he wanted to; the witness answered this question in the negative and further testified that he did not seek or receive a written statement from the accused because the story as told to him was not complete and he was promised a signed statement the next day.

While the trial court may not deny the right to cross-examine a witness to show his interest, bias, or prejudice, the extent and scope of such inquiry rests in the sound discretion of the trial court and depends upon the particular situation developed at the trial. 70 C.J., sec. 1162, p. 956; 58 Am.Jur., sec. 715, p. 386.

Where the circumstances sought to be shown by such cross-examination only remotely tend to show bias, the trial court may reject such examination; furthermore, unwarranted and unfounded reflections upon the veracity of the witness may be excluded, such as where a witness is so questioned without any basis for the inferences. State v. Robbins, 35 Wash.2d 389, 213 P.2d 310. Such is the case here. Moreover, the question was framed so as to make it objectionable on this ground; for the reasons herein stated there was no prejudicial error in the ruling of the court.

We find no reversible error. The judgment appealed from is hence affirmed.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.