261 P.2d 638

**STATE v. JOHNSON.**

No. 7958.

Supreme Court of Idaho.

Sept. 29, 1953.

William J. Ryan, H. J. Swanson, Pocatello, for appellant.

Robert E. Smylie, Atty. Gen., Boise, Leonard H. Bielenberg and Edward J. Aschenbrener, Asst. Attys. Gen., Hugh C. Maguire, Jr., Pros. Atty., Pocatello, for respondent.

KEETON, Justice.

Appellant was found guilty of lewd and lascivious conduct in violation of Sec. 18–6607, I.C. Motions in arrest of judgment and for new trial were denied. Judgment of conviction was entered and sentence imposed, sentencing appellant to serve a term of fourteen years in the State Penitentiary.

In assignments of error appellant contends that the evidence is insufficient to sustain the jury's verdict for numerous reasons alleged. Evidence submitted on behalf of the State tended to prove the following facts:

On January 12, 1952, at about 8:00 p. m. appellant accosted the victim, then nine years of age, when she was walking toward her home from a nearby residence. He asked her to ride with him. The victim knew appellant, but refused to get in his automobile. He picked her up and placed her in the front seat of the car, then drove with the victim to the vicinity of a fire station where he took various licentious liberties with her person. Appellant then drove the victim to a place near the railroad tracks and parked the automobile near a box car. He removed her panties, unzipped his trousers and indulged in certain unnatural, sodomitical acts and attempted to get the victim to indulge in such acts. A detailed recital of the indignities to which the victim was subjected will serve no useful purpose. Suffice to say the acts complained of were of an unnatural, revolting, licentious, sodomitical character, and were unlawful and in violation of Sec. 18–6607, I.C. After testifying to the lascivious acts complained of, the victim testified: " * * * he took me over by the new fire station * * * he gave me a half dollar and says, 'Tell your folks you found it in the snow, in the ice on the play ground' ".

The victim, after her release went immediately to the home of the mother-in-law of appellant, one Mrs. Burwell, and told her about the incident. She then went home and related the facts to her sister.

Certain law enforcement officers were called and the victim gave one of them the half dollar given her by appellant. She was then taken to a hospital and there examined by a Dr. Hughart who found a redness and discoloration around the vulva.

In the courtroom the victim identified appellant as the one who performed the criminal acts upon her body.

Approximately four hours after the alleged offense was committed, pending an attempt by police officers to locate appellant, he, accompanied by his father and mother, voluntarily went to the police station and in an interview there with two of the police was told by them why they had been searching for him and what the accusation against him was. The officers testified that appel-

lant told them he had picked up the victim in the neighborhood of her home, as related by her, taken her for a short distance and performed one of the acts testified to by the victim. Appellant also told the officers he had removed the victim's panties and that she got them back before she left the car; that he then released her and she headed toward home.

The officers testified that such statements of appellant were voluntary; that no threats, promises, or offers of reward or leniency were made. No evidence contradicting such testimony was offered or received.

The officers further testified that at the time of the talk with appellant his condition was normal, his speech coherent, his clothing was not disarranged, and he was not intoxicated. The fifty cents given by appellant to the victim was identified and admitted in evidence.

In defense, appellant offered testimony attempting to establish an alibi; to prove intoxication for the purpose of excusing the crime; and attacked the probability of the story told by the victim.

■ The credibility of the witnesses and the weight to be given their testimony where there is substantial evidence to sustain the verdict, is a question exclusively for the jury and even though the evidence, if it is considered to be in conflict, will not and cannot by this Court be reweighed and the verdict disturbed. State v. Cofer, 73 Idaho 181, 249 P.2d 197; State v. Brown, 53 Idaho 576, 26 P.2d 131; State v. Wilson, 51 Idaho 659, 9 P.2d 497; State v. Yancey, 47 Idaho 1, 272 P. 495; State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195.

■ We are of the opinion that the evidence produced was sufficient, if believed, to show that the crime charged had been committed; that the testimony of the victim was substantially corroborated by other evidence and by the facts and circumstances shown.

The information on which appellant was tried is challenged on the ground that it does not charge an *intent to injure the victim*.

■ In order to constitute a crime in violation of Sec. 18-6607, I.C. the law does not require an intent to injure the victim or make such intent to injure an essential element of the crime. The information followed in substance the wording of the statute alleged to have been violated. The offense charged is clearly and distinctly set forth in ordinary and concise language and in such a manner to enable a person of common understanding to know what is intended; it is also alleged the particular acts complained of, and charged such acts were done "with the intent of arousing, appealing to, and gratifying the lust, passions and sexual desires of said Lyman Eugene Johnson". We conclude the information is sufficient.

■ The appellant assigned as error the giving of instruction No. 9. The part complained of is as follows:

"However, a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and once made, difficult to disprove even if the defendant is innocent."

The instruction is not unfavorable to appellant and the instruction so given was in substance requested by appellant in his requested instruction No. 2. Appellant cannot complain that an instruction which he in substance requested is error.

■ In the case before us the conviction of appellant did not depend on the testimony of the victim standing alone. The giving of a cautionary instruction to the jury, as the one given, is not improper. State v. Madrid, 74 Idaho 200, 259 P.2d 1044; State v. Elsen, 68 Idaho 50, 187 P.2d 976; State v. Gailey, 69 Idaho 146, 204 P. 2d 254; People v. Lucas, 16 Cal.2d 178, 105 P.2d 102, 130 A.L.R. 1485; People v. Mummert, 57 Cal.App.2d 849, 135 P.2d 665; People v. Roberts, 50 Cal.App.2d 558, 123 P.2d 628; People v. Stangler, 18 Cal.2d 688, 117 P.2d 321. For discussion on the same subject, whether such an instruction is or is not proper, see 130 A.L.R. 1489 and 44 Am.Jur. 979, Sec. 123.

■ Appellant claims that instructions No. 2, 5A and 10 given by the court are contradictory. These instructions must be construed and considered with instruction No. 1. In instruction No. 1, the issues and essential elements of the crime charged were outlined in detail and the jury instructed that if the acts complained of were done before appellant could be convicted such acts must have been committed with the intent of arousing, appealing to and gratifying the lust, passion and sexual desires of appellant.

The court instructed the jury in instruction No. 2 that intent as charged in the information, and as above set forth, is an essential element of the crime charged and quoted Secs. 18–114 and 18–115, I.C.

■■ In instruction No. 5A complained of, the court instructed the jury that the word "wilfully" when applied to the intent implied simply a purpose or willingness to commit the act or make the omission; that no intent to violate the law or injure another, or to acquire any advantage is necessary. The instruction further defined the word "knowingly".

Instruction No. 10 covered the law of intoxication as a defense to the commission of a crime where intent is an essential element.

■ Other instructions given covered all essentials necessary for the State to prove before appellant could be convicted. A person necessarily intends the probable, natural consequences of his own voluntary acts. The only yardstick by which one's intent can be determined is his

external acts and conduct, what he does and what he says, and one cannot excuse the probable consequences of one's own voluntary act by claiming that he had a mental reservation and performed the act or acts voluntarily done without an intent. Intent is manifest by the sound mind and discretion of the person accused, and the intent of appellant to do what the jury found he did, is sufficiently established by the commission of the acts and the circumstances surrounding them. Secs. 18–115 and 18–116, I.C.

■ The instructions given were not in conflict and were a concise statement of the law covering the issues.

Appellant assigns as error refusal of the court to give his requested instruction No. 6. This requested instruction dealt with the intent necessary for the State to prove before the appellant could be convicted, and the conditions and circumstances under which intoxication was to be considered as a defense to the charged crime. The requested instruction was fully covered by instruction No. 10, which was as favorable to appellant as the one requested, or his right to demand.

■ Where a requested instruction is fully covered by other instructions given, it is not error to refuse the requested instruction. State v. Gailey, 69 Idaho 146, subd. 12, 204 P.2d 254.

■ The question of whether or not, as a matter of fact, the mental condition of the accused was so far affected by alcohol that he could not entertain the essential and necessary intent was for the jury. 23 C.J.S., Criminal Law, § 1131, page 625; People v. Sutton, 17 Cal.App.2d 561, 62 P.2d 397; People v. Ojeda, 132 Cal.App. 593, 23 P.2d 316; Skeen v. State, 61 Okl. Cr. 188, 66 P.2d 1106.

■ Complaint is made of claimed contradictory statements made by the victim, and it is asserted she was impeached by contradictory evidence given at the preliminary examination and that given at the trial; and appellant asserts there was contradictory testimony given by other State witnesses. The evaluation of such testimony was exclusively for the jury. State v. So, 71 Idaho 324, 231 P.2d 734.

Appellant complains that the statements made by him on the night of the alleged offense were not voluntary. The evidence is to the contrary. He further complains the officers at the time they had the conversation with him did not advise him that any statements he made might be used against him, or that he was entitled to services of an attorney, and did not invite or permit his father and mother to be in the room when the officers were talking with him. Hence he claims such conversations and statements were inadmissible.

■ The officers were not required to do any of the omitted acts complained of or suggested by appellant, and such omissions, if any, did not bar the admission of such testimony.

Statements or declarations of one accused of a crime, voluntarily made, from which, in connection with other evidence an inference of guilt may be drawn, are admissible in evidence against him. 22 C.J.S., Criminal Law, § 730, page 1243; State v. Cofer, 73 Idaho 181, 249 P.2d 197; State v. Campbell, 70 Idaho 408, 219 P.2d 956; State v. Hargraves, 62 Idaho 8, 107 P.2d 854; State v. Stevens, 48 Idaho 335, 282 P. 93; State v. Wilson, 41 Idaho 616, 243 P. 359.

In the case before us, appellant went voluntarily to the police station. Prior to that time he had not been arrested. Whether or not he was actually in custody at the time of the conversation had with the police officers, is of no importance. In either event, such statements so voluntarily made were proper evidence. State v. Hargraves, supra, and State v. Wilson, supra.

To sustain appellant's contention, he cites State v. Kotthoff, 67 Idaho 319, 177 P.2d 474. Conviction in that case was reversed primarily on other grounds, and the statements of the prisoner to the officers, which the court held should have been excluded, presented an altogether different state of facts, and such admissions received in evidence were in fact only incidental to the reasons given for the reversal. If State v. Kotthoff, supra, be construed as in conflict with this opinion in this regard, it is to that extent overruled.

Other matters set forth in appellant's assignments of error are not of sufficient importance to warrant discussion. We find no error. The order denying appellant's motion for a new trial and the judgment are affirmed.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.