848 P.2d 432

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Joseph Keith TUCKER, Defendant–Appellant.**

No. 19971.

Court of Appeals of Idaho.

March 1, 1993.

Michael G. Pierce, Cascade, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael J. Kane, Chief, Crim. Div., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Joseph Keith Tucker was found guilty by a jury of one count of second degree burglary, I.C. §§ 18–1401, 18–1402; one count of grand theft by unauthorized control, I.C. §§ 18–2403(3), 18–2407(1)(b)(1); and two counts of malicious injury to property, I.C. § 18–7001.[1] For these crimes, the district

1. Tucker also was convicted of obstructing an officer, but that conviction is not at issue on appeal.

court sentenced Tucker to serve an aggregate term of from three to fourteen years' confinement. On appeal, Tucker contends that the jury verdicts should be set aside because he lacked the requisite intent to commit these offenses, due to intoxication. He also claims that the district court abused its discretion by imposing excessive sentences. For the reasons explained below, we affirm.

### Facts and Procedural Background

In the early morning hours of October 7, 1991, Officer Dean Muchow encountered Tucker at the Maverick convenience store in McCall, Idaho. Observing that Tucker was intoxicated, the officer told him not to drive. Tucker said he would arrange a ride home and made a telephone call. After making the call, Tucker told the officer he needed to retrieve his coat from the flatbed wrecker truck he had been driving. Instead of returning with his coat, however, Tucker drove off in the truck. With his patrol car's emergency lights flashing and siren sounding, Officer Muchow pursued Tucker south along Highway 55. According to the officer's testimony, Tucker drove erratically, swerving over the road and approaching speeds of eighty miles per hour. He took blind curves in the wrong lane, forced a semi-truck to the side of the road, and sped through the town of Donnelly at fifty miles per hour. This high-speed chase continued south for twenty-five miles until Tucker's truck collided, at full speed, into a police blockade. The truck hit a patrol car sending the car spinning, then flew into the air and burst into flames after it landed. Officers later found Tucker in a nearby field and arrested him. A subsequent blood test showed that Tucker had an alcohol concentration of .23. Upon further investigation, the police learned that the truck belonged to McCall Tire & Auto, Tucker's employer, and that Tucker had taken it without permission. To take the truck, Tucker had broken into the McCall Tire & Auto building.

At trial, Tucker did not dispute the events related by the prosecution's witnesses. Rather, his defense was that he was too intoxicated to form the specific intent required to commit burglary, theft, or malicious injury to property. Uncontroverted evidence showed Tucker had consumed a substantial amount of alcohol on the evening in question. Tucker further testified he had "blacked out" during much of the night and had very little memory of the events: while he remembered being inside the McCall Tire and Auto building, he could not remember breaking into it; he could not remember stealing the truck but recalled being at the Maverick store; and he remembered driving the truck although he had no recollection of the collision. Additionally, Dr. Loudermilk, a court-appointed psychologist who had interviewed Tucker, opined that Tucker "probably did not have very much capability of knowing what was going on, particularly with the periods during which he blacked out."

At the conclusion of the trial, the jury returned verdicts finding Tucker guilty of burglary, of theft by unauthorized control, and on two counts of malicious injury to property. The district court sentenced Tucker to a term of three to five years for burglary, three to fourteen years for grand theft, and three to five years for each count of malicious injury to property, with all the sentences to run concurrently. On appeal Tucker seeks to overturn the verdicts against him, arguing that the evidence conclusively established that he lacked the requisite intent to commit these offenses. He also contends that his sentences were excessive under the circumstances.

### Defense of Intoxication

We turn first to Tucker's assertion that the jury's verdicts were in error and must be set aside. It is well settled that when a properly instructed jury makes a finding of guilt upon admissible evidence, its finding must be upheld if the record contains substantial evidence upon which "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also State v. Clay,* 112 Idaho 261, 263, 731 P.2d 804, 806 (Ct.App.1987).

On appeal, our review of the sufficiency of the evidence is limited in scope. We may not substitute our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Knutson*, 121 Idaho 101, 822 P.2d 998 (Ct.App.1991). Furthermore, we view all evidence in the light most favorable to the state. *State v. Ojeda*, 119 Idaho 862, 810 P.2d 1148 (Ct.App.1991).

■ Tucker maintains the state failed to establish all the elements of the crimes for which he was convicted. He argues there was insufficient evidence to support a finding that he possessed the specific intent, an essential element of second degree burglary, grand theft and malicious injury to property.[2] He contends that, in view of the uncontradicted evidence of his extreme intoxication at the time of the events, no rational trier of fact could have found that he formed the specific intent required to commit these crimes. We disagree. The issue was not whether Tucker was under the influence of alcohol at the time of the events, but whether he was so intoxicated that he was unable to form the specific intent necessary to commit the offenses charged—a question of fact for the jury to decide. *See* I.C. § 18–116; *State v. Soto*, 121 Idaho 53, 56, 822 P.2d 572, 575 (Ct.App. 1991).[3]

■ The evidence at trial demonstrated that Tucker did have the ability to carry on a conversation with a police officer, to make a telephone call, to create an excuse for returning to the wrecker, and to drive the truck for some twenty-five miles at an extreme speed. Moreover, Tucker based his intoxication defense on his claim that he had blacked out during periods of the night in question. The state rebutted this claim with testimony from one of Tucker's former cellmates in the county jail. This witness stated that while in jail Tucker had recited specific details of the events, and that Tucker said he did remember taking the truck, and that he did remember seeing the roadblock but chose not to stop. This testimony, albeit in conflict with that given by Tucker, was sufficient from which a reasonable juror could find that Tucker possessed the intent necessary to commit the crimes, and therefore sufficient to support the verdicts. Accordingly, we uphold the verdicts of the jury.

### Sentence Review

■ Next, Tucker argues that his four concurrent sentences, amounting to a unified sentence of fourteen years with a minimum three-year term of incarceration, are excessive. The sentences are not challenged on the ground that they exceed the maximum period allowed by statute and hence will be not be disturbed absent a showing that the court abused its discretion. I.C. § 18–4007(2); *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Morrison*, 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991). A sentence is reasonable if it appears at the time of sentencing that confinement was necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing the reasonableness of a sentence, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). In Tucker's case, that period is three years, the minimum term he will be

---

**2.** *See* I.C. § 18–1401 (burglary); I.C. § 18–2403 (grand theft); and I.C. § 18–7001 (malicious injury to property).

**3.** *See also State v. Gratiot*, 104 Idaho 782, 663 P.2d 1084 (1983) (jury could find necessary intent for lewd conduct notwithstanding evidence of intoxication); *State v. Roles*, 100 Idaho 12, 592 P.2d 68 (1979) (jury could find necessary intent for burglary notwithstanding evidence of intoxication and drug use); *State v. Johnson*, 74 Idaho 269, 261 P.2d 638 (1953) (jury could find necessary intent for lewd conduct despite evidence of intoxication).

required to serve before he is eligible to be considered for parole. I.C. § 19–2513. Thus, to establish that his sentences are excessive, Tucker must show that a sentence of three years in confinement is unreasonable under any reasonable view of the facts. *See State v. Small,* 107 Idaho 504, 690 P.2d 1336 (1984). On review, we conduct an independent examination of the record, focusing on the nature of the offense and the character of the offender. *See State v. Young,* 119 Idaho 510, 808 P.2d 429 (Ct.App.1991); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

 The crimes Tucker committed in this case are serious. As the district judge observed, it was a "major miracle" no one was killed. After breaking into his employer's building and stealing a wrecker, Tucker led police on a dangerous, high-speed chase that ended only when he crashed the truck into a police blockade. Tucker did this with little or no regard for the safety of others. With respect to Tucker's character, the record reflects that before arriving in Idaho, Tucker was convicted of second degree forgery, theft and burglary. He served eight months in a state penitentiary in Arkansas and was released on parole. He later was arrested for a parole violation and returned to prison. After serving seven more months in confinement, Tucker again was released on parole. Approximately two months later, while still on parole, Tucker committed the crimes involved in this appeal. Upon this record, the sentencing court reasonably could conclude that a period of three years in confinement was necessary to accomplish the sentencing objectives set forth in *Toohill.*

Tucker complains that his problems stem from alcohol abuse and that rehabilitation in the form of alcohol treatment is necessary to accomplish the goal of rehabilitation. Because the penitentiary does not offer the treatment he needs, he argues, the district court abused its discretion by sentencing him to three years' imprisonment. We are not persuaded. Rehabilitation, as important as it may be, is not the sole objective of the criminal justice system. A sentence of confinement is not rendered unreasonable simply because it will have an arguably negative impact on some aspects of a prisoner's rehabilitation. *See State v. Wargi,* 119 Idaho 292, 805 P.2d 498 (Ct.App.1991). Moreover, Tucker's argument is undermined by the fact that he has failed to pursue several rehabilitative opportunities presented him in the past. We conclude that Tucker has failed to demonstrate that his sentences are unreasonable under the facts. Accordingly, we uphold the sentences imposed by the district court.

The judgment of conviction, including Tucker's unified sentences, is affirmed.

SWANSTROM, J., and SILAK, Acting Judge, concur.