IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38885

| ILDAR DURSUNOV, | ) | 2012 Unpublished Opinion No. 525 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ildar Dursunov appeals from the district court's order summarily dismissing his application for post-conviction relief.  For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Dursunov pled guilty to lewd conduct with a minor under the age of sixteen.  I.C. § 18-1508.  The sentencing court ordered a psychosexual evaluation that indicated that Dursunov was a moderate to high risk to reoffend.  The evaluator opined that Dursunov should not be enrolled in a sex offender treatment program in the community because of "language barriers and cultural foundation which would obviate the treatment effects."  The evaluator suggested that the district court consider the retained jurisdiction program and local incarceration.  Dursunov was thereafter sentenced to a unified term of twenty years, with a minimum period of confinement of six years.  Dursunov filed an I.C.R. 35 motion for reduction of his sentence.  At a hearing on the

motion, a licensed professional counselor, who also performed psychosexual evaluations, testified that he believed Dursunov was a low to moderate risk to reoffend and recommended probation along with a sex offender treatment program. He also opined that Dursunov would be amenable to sex offender treatment despite the language and cultural differences. The sentencing court denied Dursunov's motion. On appeal in an unpublished opinion, this Court concluded that Dursunov had not shown error in the sentencing proceedings or in the denial of his I.C.R. 35 motion and we affirmed both the judgment of conviction and the order denying Dursunov's I.C.R. 35 motion. *State v. Dursunov*, Docket No. 35927 (Ct. App. Mar. 17, 2010). Dursunov filed an application for post-conviction relief, alleging numerous instances of ineffective assistance of trial counsel. The state filed a motion for summary dismissal; the district court issued a notice of intent to dismiss; and, after a hearing, the district court entered an order summarily dismissing Dursunov's application. Dursunov appeals.

## II.

## ANALYSIS

Dursunov argues that the district court erred by summarily dismissing his application for post-conviction relief. Specifically, Dursunov asserts that the district court was wrong to conclude that he raised no genuine issue of material fact necessitating an evidentiary hearing on his claim that his trial counsel was ineffective for failing to obtain a confidential psychosexual evaluation rather than having him submit to a court-ordered one.

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached or the application must state why such supporting

2

evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*,

3

466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177.

Dursunov argues that he presented evidence making a prima facie case as to each essential element of his claim that he received ineffective assistance of trial counsel. Specifically, in his application for post-conviction relief, Dursunov asserted that his counsel's performance was deficient because counsel failed to obtain a confidential psychosexual evaluation prior to advising him to plead guilty and failed to inform him that he could have received a confidential psychosexual evaluation. Dursunov asserted that, had he been so informed, he would have obtained such evaluation. Dursunov further asserted that, had the court-ordered evaluation been confidential, he would not have released it to the district court because it was unfavorable. Instead, Dursunov asserted he would have obtained a second evaluation from the counselor that testified at his I.C.R. 35 hearing that would have been favorable. Dursunov alleged that he was prejudiced because there was a reasonable probability that the sentencing court would have imposed a lesser sentence had it only considered the favorable evaluation and not been exposed to the court-ordered evaluation.

With respect to Dursunov's claim that his trial counsel was deficient, the district court noted in its notice of intent to dismiss that it was not aware of any law that required defense counsel to obtain a psychosexual evaluation prior to advising a defendant to enter a plea in a lewd conduct case. The district court found that, even if Dursunov would have received a favorable evaluation from the counselor that testified at Dursunov's I.C.R. 35 hearing, the outcome would not have been different in this case. Specifically, the district court noted that the only significant distinction between the court-ordered evaluator's conclusion and the counselor's conclusion was as to the degree of risk to reoffend--moderate to high and moderate to low, respectively. The district court further noted that, while the court-ordered evaluation recommended the retained jurisdiction program, the sentencing court rejected the recommendation and imposed a penitentiary sentence due to the seriousness of the offense and Dursunov's lack of acceptance of responsibility. Thus, the district court determined that, even if

4

Dursunov's counsel was deficient for failing to obtain a confidential psychosexual evaluation prior to advising Dursunov to enter a guilty plea and failing to inform Dursunov that he could have obtained such evaluation, Dursunov was not prejudiced by such deficiency. Therefore, the district court concluded that no factual dispute existed that would warrant an evidentiary hearing.

At the hearing on the state's motion for summary dismissal of Dursunov's application, the district court noted that this Court's decision in *Gonzales v. State,* 151 Idaho 168, 254 P.3d 69 (Ct. App. 2011) supported the district court's decision to grant the state's motion. In that case, Gonzales pled guilty to lewd conduct with a minor under the age of sixteen. Prior to sentencing, the district court ordered Gonzales to undergo a psychosexual evaluation. Based in part on the unfavorable results of the psychosexual evaluation, the district court sentenced Gonzales to a unified term of twenty years, with a minimum period of confinement of five years. Gonzales appealed, challenging the reasonableness of his sentence, which this Court affirmed. Gonzales filed a pro se application for post-conviction relief, seeking an evidentiary hearing and vacation of his judgment of conviction. Gonzales alleged in his application that his trial counsel was ineffective for failing to arrange an independent, confidential psychosexual evaluation for use by the defense. The district court issued a notice of intent to dismiss and, thereafter, dismissed Gonzales's application. Gonzales appealed.

This Court first noted that, pursuant to *Estrada v. State*, 143 Idaho 558, 562-63, 149 P.3d 833, 837-38 (2006), the right to counsel prior to a psychosexual evaluation extends only to advice regarding the defendant's decision whether to submit to the evaluation. *Gonzales*, 151 Idaho at 173, 254 P.3d at 74. This Court also noted that Gonzales failed to cite any authority requiring trial counsel, as part of a presentence investigation, to arrange an independent psychosexual evaluation in order to uncover incriminating evidence so that counsel could advise the defendant to not participate in a subsequent evaluation. This Court then rejected Gonzales's assertion that his trial counsel should have arranged an independent evaluation in order to reveal any damaging information prior to the court-ordered evaluation. Specifically, we concluded that the obligation of counsel, recognized in *Estrada,* to advise the defendant regarding a court-ordered psychosexual evaluation does not extend to an obligation to first obtain a confidential defense evaluation to inform the decision whether to submit to a court-ordered evaluation. *Gonzales*, 151 Idaho at 174, 254 P.3d at 75. Thus, we held that counsel's failure to arrange a

defense evaluation in order to prepare for the possible incriminating outcome of a subsequent evaluation does not constitute deficient performance. *Id.*

Dursunov argues that *Gonzales* is distinguishable from his case because he "has put forth a different argument, namely that his attorney was ineffective for failing to ensure that any psychosexual evaluation that he participated in was confidential unless and until he decided to disclose it to the district court and the State." However, we interpret Dursunov's argument to be the same argument that this Court rejected in *Gonzales*--that trial counsel's performance may be considered deficient for failure to arrange a confidential defense evaluation in order to inform the defendant's decision whether to participate in a court-ordered evaluation that could possibly produce an incriminating outcome. Thus, because this Court held in *Gonzales* that such failure does not constitute deficient performance, Dursunov has failed to show that his trial counsel's representation fell below an objective standard of reasonableness.

Even if we were to assume Dursunov's counsel was deficient for failing to obtain a confidential psychosexual evaluation prior to advising Dursunov to plead guilty or failing to inform him that he could have received a confidential psychosexual evaluation, Dursunov must show a reasonable probability that, but for such deficient performance, the outcome of his case would have been different. As noted above, in his application for post-conviction relief, Dursunov alleged he was prejudiced by his counsel's alleged deficient performance because there was a reasonable probability that the sentencing court would have imposed a lesser sentence had it only considered the favorable evaluation from the counselor and not been exposed to the unfavorable court-ordered evaluation.

We note that, while Dursunov has not produced an evaluation from the counselor that testified at his I.C.R. 35 hearing, Dursunov asserts that a favorable evaluation from the counselor would have contained the same information the counselor relayed at that hearing--that Dursunov was a low to moderate risk to re-offend and a recommendation that Dursunov be placed on probation. Even assuming an evaluation from the counselor would have contained such information, as described above, the sentencing court rejected the recommendation of the court-ordered evaluation for the retained jurisdiction program in favor of a prison sentence for reasons beyond consideration of such evaluation.

At sentencing, the district court referred to Dursunov's conduct as "very, very serious and very significant." The district court considered mitigating factors such as this being Dursunov's

6

first felony and his cultural background. The district court also noted that Dursunov was "in extreme denial" and that he and his relatives had attempted to deflect blame for his crime to the victim. The district court credited the statements of the victim's grandmother in describing the significant impact of Dursunov's crime upon the victim and the violent nature of the offense. Specifically, the district court did consider the court-appointed evaluator's report that Dursunov was a moderate risk to reoffend and amenable to treatment. However, the district court noted, "but beyond that, and more importantly, as noted by the doctor, that [Dursunov] is in extreme denial." The district court expressed the view that a lesser sentence would depreciate the seriousness of the crime and that imprisonment would provide an appropriate punishment and deterrent. At sentencing, the district court stated: "I particularly find as aggravating in this case the fact that [Dursunov] did use drugs and alcohol with this minor child and in that instance took away whatever, if any, defenses she may have had in terms of how this crime was ultimately committed."

After considering the licensed counselor's testimony at the hearing on Dursunov's Rule 35 motion, the district court wrote that, "nothing that has been provided at the Rule 35 hearing changes this court's view regarding the nature of this offense." Specifically, the district court referred to the impact of Dursunov's crime upon the victim and that the crime "warrants severe punishment." The district court then discussed the licensed professional counselor's opinion that Dursunov was a candidate for rehabilitation:

> [The counselor] stated this conclusion more directly than did [the court-appointed evaluator]; however, the point remains that "rehabilitation . . . is not the sole objective of our criminal justice system." *State v. Tucker*, 123 Idaho 374, 377, 848 P.2d 432, 435 (Ct. App. 1993). This court recognizes that Dursunov may be able to attend treatment; he may be able to converse in a coherent manner in English while in treatment; he may be able to understand and implement the concepts learned in treatment to remain free from sexual misconduct. The court simply feels that such an undertaking should begin, at its earliest, in approximately six years from the date of sentencing, rather than immediately or after a rider, based upon the other factors of sentencing that were discussed during the sentencing hearing, as well as at some length in this opinion.

Consistent with the opinions of both the court-appointed evaluator and the licensed counselor, the district court recognized that Dursunov might be rehabilitated. The district court, however, focused on other sentencing factors. We conclude that Dursunov has not shown a reasonable

probability that, but for his trial counsel's alleged deficiency, the outcome of his case would have been different.

## III.
## CONCLUSION

Dursunov's trial counsel was not deficient for failing to obtain a confidential psychosexual evaluation prior to advising Dursunov to plead guilty or failing to inform him that he could have received such evaluation. Even if we were to assume that counsel's performance was deficient, Dursunov has not shown that he was prejudiced by such deficiency. Thus, the district court did not err by determining that no factual dispute existed that would warrant an evidentiary hearing. The district court's order summarily dismissing Dursunov's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**