(No. 6795. October 24, 1941)

STATE, Respondent, v. ORA W. SPROUSE, Appellant.

(118 Pac. (2d) 378)

Geo. C. Huebener, for Appellant.

Bert H. Miller, Attorney General, J. R. Smead, Leo Breshnahan, Robert M. Kerr, Jr., and M. Casady Taylor, Assistant Attorneys General, for Respondent.

MORGAN, J.—The record shows appellant and Roger E. Allen met in Emmett, May 26, 1939, and, during the day, they drank a considerable quantity of beer; that in the late afternoon they took some beer with them and started, in a pick-up truck driven by Allen, to the home of

appellant, located about four and a half miles northwest of Emmett; that they stopped in front of the home of Pete Chavis and offered him a drink, which he declined; that, accompanied by Chavis, they continued in the truck toward appellant's home; that en route they drank beer several times and, as a result of their drinking during the day, they became, and were, under the influence of alcohol; that they continued to be very friendly, each toward the other, until they reached appellant's home. The truck was stopped about thirty feet from appellant's house, where he alighted from it. A dispute arose between Allen and appellant over the ownership of some beer remaining in a bottle from which they had been drinking. The dispute resulted in a fight between them during which Allen knocked appellant down and fell on him. Appellant got up, entered his house, procured a .22 caliber rifle, came out with it and fired a bullet which struck Allen and killed him. Appellant was charged with, and convicted of, murder of the first degree. He moved for a new trial, which was denied, and the case is here on his appeal from the judgment of conviction and from the order overruling his motion for a new trial.

A careful study of the record convinces us the evidence is insufficient to sustain a conviction of murder, and is sufficient to sustain a conviction of manslaughter, which is an offense included in the charge of murder. Murder is defined by our code, § 17-1101, thus:

"Murder is the unlawful killing of a human being with malice aforethought."

§ 17-1106 contains the following:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

"1. Voluntary—upon a sudden quarrel or heat of passion.

" *   *   *   * ".

§ 17-116 provides:

"No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular

species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive or intent with which he committed the act."

The evidence clearly shows that appellant and Allen were, and for a long time prior to the homicide had been, close personal friends; that on the day of the homicide they had drunk intoxicating liquor in sufficient quantities to cause them to fall out and fight over a dispute as to the ownership of a part of a bottle of beer; that appellant, on sudden quarrel and heat of passion, fired the shot which killed his friend, Allen. While his voluntary intoxication is no excuse for his act, it is to be taken into consideration in determining the existence or non-existence, on his part, of malice aforethought which distinguishes murder from voluntary manslaughter.

In *State v. Ramirez,* 34 Ida. 623, 636, 203 Pac. 279, 283, this court, quoting from *Fritz v. State,* 8 Okl. Cr. 342, 128 Pac. 170, said:

" 'Justice is imperative, and must not be denied. * * * In other words, the provisions of our criminal procedure act make it the duty of this court to review the record, and in a proper case, if necessary in the furtherance of justice, modify the judgment so as to prevent the imposition of punishment which the evidence will not warrant.' "

Our court further said:

"The right of courts to exist and to function rests upon their power to mete out fundamental justice. * * * Const., art. 1, sec. 18, admonishes us that courts of justice shall be open to every person, and that right and justice shall be administered, and upon this fundamental principle rests appellant's right to have the *remittitur* recalled and the judgment modified."

See, also, *State v. Neil,* 13 Ida. 539, 90 Pac. 860; *State v. Boyatt,* 59 Ida. 771, 87 Pac. (2d) 992; *State v. Lovejoy,* 60 Ida. 632, 95 Pac. (2d) 132.

Section 19-2721, relating to appeals to the supreme court, provides:

"The court may reverse, affirm, or modify the judgment or order appealed from, and may set aside,

affirm or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial."

The judgment appealed from is modified so as to reduce appellant's conviction from murder of the first degree to voluntary manslaughter, and the case is remanded to the trial court with direction to fix the punishment therefor accordingly, as prescribed by § 17-1107 and § 19-2413 of the code. So modified, the judgment is affirmed.

Holden and Ailshie, JJ., concur.

Budge, C.J., and Givens, J., concur except that the grade of the offense should not be reduced below murder in the second degree.