364 P.2d 171

STATE of Idaho, Plaintiff-Respondent,

v.

Bruce LEDBETTER, Defendant-Appellant.

No. 8977.

Supreme Court of Idaho.

Aug. 15, 1961.

**452**

Prather & Wilson, Bonners Ferry, for appellant.

Frank L. Benson, Atty. Gen., William E. Swope, Asst. Atty. Gen., Dwight F. Bickel, Sp. Asst. Atty. Gen., W. W. Nixon, Pros. Atty. of Boundary County, Bonners Ferry, for respondent.

McQUADE, Justice.

Appellant was sentenced to a period of 30 years in the State Penitentiary for lewdly and lasciviously having sexual intercourse with a female child 14 years of age who was not the wife of the appellant. (The child is appellant's daughter.)

Appellant had committed a series of acts of sexual intercourse over a period of two years with his daughter. Discovery of her being pregnant led to the charging of appellant with the crime, to which he entered a plea of guilty.

For the court's consideration in passing sentence, the State presented evidence that appellant had also been having sexual intercourse with another daughter who was 13 years of age; that both of the girls had· been working in the family sawmill operation; that appellant had worked the 14-year-old girl at chores intended to produce a miscarriage, and that both of the children had suffered psychological maladjustment from appellant's conduct.

In application for a suspended or withheld sentence, appellant presented a background of having lived with a cruel stepfather who eventually chased him away from his home at the age of eight years; he further presented background of living

with various relatives who cared little for his moral and social development; he had only a first grade education; he was married at the age of 17 years to a girl who was 13 years of age, from whom he was divorced. He remarried in 1949 to his present wife. The two girls with whom he had sexual intercourse were born of the first marriage.

There was a showing also made that in appellant's early life he knew of persons who indulged in sexual promiscuity at early ages. Appellant further related to the trial court that he had been industrious, paid his bills, and he asserted that he was attempting to rear his family. He further related that his sexual activity with the girl was without threats of violence or force, and maintained that he was actually attempting to help the girl by preventing her having intercourse with neighborhood boys.

After being charged with this crime, appellant consulted a psychiatrist who made a clinical study and suggested psychiatric treatment rather than incarceration, and an affidavit from appellant's banker as to appellant's honesty in business dealings was also introduced.

Upon this record the trial judge denied the application for a suspended or withheld sentence, and did sentence the defendant to a period of 30 years in the State Penitentiary.

From this judgment, defendant appeals, assigning error in the denial of the suspended or withheld sentence, and that the punishment was severe and based upon passion and prejudice, and was an abuse of discretion.

■ The record clearly states that the trial court considered appellant's application for suspended or withheld sentence. The record further shows that upon deliberate consideration and reflection of the record, that the application was denied. It cannot be said that the trial judge was in error by denying the application for suspended or withheld sentence.

■ Appellant urges in his next assignment of error that the trial judge abused his discretion by sentencing the appellant to 30 years in the State Penitentiary.

After reviewing the record, and in the furtherance of justice, we conclude that the sentence is extreme, and it is hereby reduced to a period of 15 years. See State v. Ramirez, 34 Idaho 623, 203 P. 279, 29 A.L.R. 297; State v. Sprouse, 63 Idaho 166, 118 P.2d 378; State v. Behler, 65 Idaho 464, 146 P.2d 338; State v. Owen, 73 Idaho 394, 253 P.2d 203.

It is therefore ordered that the judgment be modified to provide for imprisonment in the State Penitentiary for a term not to exceed 15 years in lieu of the 30 year

454

penalty, and as so modified the judgment is affirmed.

TAYLOR, C. J., and SMITH, KNUD-SON and McFADDEN, JJ., concur.