522 P.2d 61

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Willard FRENCH, Defendant-Appellant.**

**No. 11158.**

Supreme Court of Idaho.

May 16, 1974.

**854**

Graydon W. Smith, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., William F. Lee, Deputy Atty. Gen., Wayne G. Crookston, Jr., Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

The defendant was charged with and arrested for the crimes of rape and kidnapping in the second degree. Defendant pleaded guilty to the rape charge, and the second degree kidnapping charge was dismissed. Before sentencing the district court ordered a presentence investigation and report. A parole officer from the State Board of Corrections made the investigation and prepared the report and submitted it to the district court and defendant. The district court reviewed the record and then adjudged the defendant guilty of rape and sentenced him for a term not to exceed twenty-five years in the Idaho State Penitentiary. The defendant appealed from that judgment of conviction and also from the sentence imposed.

On appeal the defendant's sole argument attacks the district court's imposition of a twenty-five year sentence. The defendant contends that the district court abused its discretion by disregarding the defendant's previous good moral character evidenced in the presentence report and the lack of any physical harm to the prosecutrix and by imposing such a severe sentence. In this appeal the defendant does not challenge the validity of his guilty plea.

We affirm the judgment of conviction but reverse the commitment and remand the case for further proceedings because of deficiencies in the presentence investigation report. We do not consider whether the district court abused its discretion in sentencing the defendant by disregarding his past unblemished record but conclude that the deficiencies in the presentence investigation report deprived the court of pertinent information necessary to the proper exercise of its discretion in sentencing the defendant.

In considering the scope of the presentence report in this case our purpose is not to evaluate the entire gamut of criteria involved in its preparation. The presentence report sufficiently described the appellant's prior criminal, educational, employment, military, social and marital history and interests and activities. See, The Presentence Investigation Report, Administrative Office of the United States Courts, publication 103 (1965); P. Keve, The Probation Officer Investigates: A Guide to the Presentence Report (1960); R. Carter and L. Wilkins, Probation and Parole: Selected Readings (1970). See also, ABA Standards Relating to Sentencing Alternatives and Procedures, sec. 4.1 et seq. (1968); Corrections, National Advisory Commission on Criminal Justice Standards and Goals, Standard 5.14, 16.10 (1973). Our concern focuses in this case on the inadequacy of the appellant's psychological evaluation and failure of the presentence report to include a schedule of rehabilitation alternatives.

The only information concerning the appellant's present mental health can be best described as sketchy and unskilled. Indeed, the presentence report states:

*"Mental and Physical*

&ast; &ast; &ast; &ast; &ast; &ast;

Mentally, Mr. French feels that he is stable. He cannot explain his crime of rape. He states that he was very angry

with his wife and that could have been the motivating force. He states that he has never had any trouble like this before and that he is completely astounded at his behavior. He states that although he may have been coming down with his current disease at the time of this crime, it had no effect on his attitude toward it.[1] He states that he does have off and on problems with an ulcer but that this is not serious."

This offers absolutely no evaluation of or insight into the psychological makeup of the defendant which is so vital in light of the presentence report's social and economic description of the defendant. In this case the presentence report described the defendant as a family man and a dependable worker without any prior criminal record who committed a forcible rape without any explanation. This case begs for a psychological evaluation. The omission of such an evaluation in this case deprived the district court of pertinent information essential to pronouncing an appropriate judgment.

Finally, the presentence report failed to discuss rehabilitation alternatives involving treatment centers, residential facilities, vocational training services, special educational facilities, or any rehabilitative programs of any institution. It stands to reason that in determining whether a defendant may be rehabilitated even under sentence the court must have information concerning the nature of available programs in which the defendant may participate. However, in this case the presentence investigator failed to include a schedule of alternatives for the district court's consideration. This type of information is necessary for tailoring the correctional process to the individual defendant.

For the preceding reasons the judgment of conviction is affirmed; however, the order of commitment is reversed and the case is remanded to the district court with

directions to order the state board of corrections to prepare a presentence report in conformity with the standards set out in this opinion and submit it to the district court for consideration in pronouncing judgment.

DONALDSON and McQUADE, JJ., concur.

SHEPARD, Chief Justice (dissenting).

I respectfully disagree with the disposition of this matter by the majority. I disagree with the conclusion of the majority that this case cries out for a psychological evaluation. I think rather there is implicit although unstated the inevitable conclusion that the district judge abused his discretion in sentencing the defendant to the term of 25 years for the crime of rape under the circumstances of this case, and in view of the background of the defendant. Hence it is my opinion that the facts and circumstances must be expanded beyond the brief resume in the majority opinion.

The record indicates that the defendant herein is a highschool graduate. He received an honorable discharge after serving two years in the armed forces. From 1963 to date he has been steadily employed albeit at various jobs. At the time of sentencing he had been employed at a manufacturing plant for approximately one and a half years. His employer was satisfied that he was a good worker and dependable and they were participating in and would pay for defendant's vocational education in the plumbing field. His employer was aware of the conviction and indicated he would continue to employ defendant if he was granted probation.

Defendant has no prior criminal record other than traffic offenses. Defendant has been married for approximately five years to a woman considerably younger than he. They have a four year old child. Although defendant has supported his family there have been marital difficulties be-

---

1. The appellant suffered from hypothyroidism which apparently caused no mental side effects; his attending physician's affidavit describes only his physiological condition and therapy.

cause of the suspected infidelity of his wife.

There is nothing in the record before this court to indicate that defendant now has or ever has had any mental problem of any kind aside from this one instance of aberrant behavior. No plea indicating any such problem was tendered by defendant. The one instance of anti-social behavior is all that is contained in the record. It is my opinion that the trial judge accepted the recommendation of the pre-sentence specialist and the parole officer, both of whom were female, and who stated:

> "Due to the seriousness of this crime and the fact that he used a knife to threaten the woman with her life, it seems that a strict probationary program alone would be very unfeasible. * * * Due to this individual's lack of understanding to the seriousness of the crime, it is advised that a probationary period alone would not help rehabilitate this individual. *He must learn to realize that threatening a person's life is a very serious crime* and that this incident could have had a much more serious ending other than this serious crime of rape." (Emphasis supplied)

I believe we are reduced to a consideration of possible motives of the trial court such as deterrence, making the defendant aware of the seriousness of the crime (getting his attention) or perhaps making the punishment fit the crime. If these are the factors which motivated the trial judge then a consideration of the actual crime itself is necessary.

The defendant's wife had left him just a few days before the crime and he was extremely angry. On the night in question the victim's car had run out of gas at approximately 11 o'clock p. m. in the City of Boise. The defendant offered the victim a ride home. After she got into defendant's truck she told him that she had changed her mind and wanted to go to a friend's house but did not know where that house was. Defendant stopped his truck in a city park and held a pocket knife to the victim's throat while he "started to play around with her body." He thereafter drove into the hills above Boise and forcibly raped her. Thereafter the defendant returned the victim to her home. Insofar as the record is concerned and aside from the forcible penetration of the victim, she does not appear to have been physically harmed in any other way.

In my judgment the district court erred in imposing a twenty-five year sentence in the state penitentiary for the above described crime. State v. Linebarger, 71 Idaho 255, 232 P.2d 669 (1951); State v. Ledbetter, 83 Idaho 451, 364 P.2d 171 (1961). It is further my judgment that the district court erred in failing to adequately consider the above described background of the defendant and what appears to be his otherwise lack of propensity for criminal or violent behavior. I would affirm the conviction, but reverse the order of commitment and remand the case to the district court with instructions to sentence the defendant to a term of not to exceed five years in the state penitentiary.

BAKES, J., concurring in dissent.