629 P.2d 695

STATE of Idaho, Plaintiff-Respondent,

v.

Richard REIMER, Defendant-Appellant.

No. 13633.

Supreme Court of Idaho.

June 1, 1981.

**300**

Debra K. Loy, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Lance D. Churchill, Deputy Attys. Gen., Boise, for plaintiff-respondent.

BAKES, Chief Justice.

Defendant was charged with and pleaded guilty to two counts of lewd conduct with a child under sixteen. I.C. § 18–6607. The charges stemmed from defendant's conduct with his twelve year old daughter.

A presentence investigation was provided to the sentencing court. After a hearing, the court sentenced defendant to ten years imprisonment on each count, to be served concurrently. In passing upon the sentence, the court remarked, "I think one of the basic tenets of all Christian religions is certainly [that] a man's own daughter is sacrosanct, I guess would be the word."

The defendant appeals his sentence, contending only that the sentencing court's religious reference was an abuse of discretion. We disagree.

█ The maximum sentence for the crime of lewd conduct with a child under sixteen is life imprisonment. I.C. § 18–6607. Where the sentence imposed is within statutory limits, a defendant has the burden of showing a clear abuse of discretion on the part of the sentencing court. *E. g., State v. Bowcutt*, 101 Idaho 761, 620 P.2d 795 (1980).

█ The district court's gratuitous remark, however questionable, does not constitute an abuse of discretion. The record before the lower court established that defendant's problem was a regular and recurring one, that he had engaged in similar conduct from the time he was a teenager to the time he committed the present offenses at age thirty-five. Defendant also had three prior misdemeanor convictions. There are strong indications in the record that defendant was not truthful with his psychologist and the presentence investigator in discussing the extent and frequency of similar occurrences. The presentence investigator concluded that the defendant was endangering society and should receive treatment in a controlled environment. The sentencing judge echoed a similar sentiment when he stated,

"In your case, this was your own child, and considering the age involved of her and the other people involved, I can't help but think of your daughter's statement in here, 'I am afraid of my father, and I don't want to see him again.' I can't just slap your hand with that consideration in mind."

In view of the above, the sentencing court's passing reference to Christianity can hardly be termed an abuse of discretion. The sentence which he received is five years less than the sentence which this Court set in *State v. Ledbetter*, 83 Idaho 451, 364 P.2d 171 (1961), and the factual patterns are not all that dissimilar. The defendant's sentence is affirmed.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.