637 P.2d 1173

STATE of Idaho, Plaintiff-Respondent,

v.

John Ray CHAMBLISS,
Defendant-Appellant.

No. 13998.

Supreme Court of Idaho.

Dec. 9, 1981.

Frederick G. Loats of Nordlof & Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Charged with the crimes of grand larceny, lewd conduct with a minor child, first degree kidnapping, and aggravated battery, defendant John Chambliss entered a plea of not guilty to all counts. A notice of intent to rely on mental disease or defect was filed on behalf of the defendant, but thereafter and pursuant to plea negotiations, Chambliss entered a plea of guilty to the charges of grand larceny and lewd conduct; the state dismissed the other charges. Chambliss was sentenced to serve an indeterminate period of time not to exceed eight years on both counts, the sentences to run concurrently; he received credit for time in jail.

Chambliss appeals contending an abuse of discretion on the part of the trial court in imposing sentences alleged to be unduly harsh, relying primarily on *State v. Ledbetter*, 83 Idaho 451, 364 P.2d 171 (1961), and *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968).

In both of those cases, it is true that this Court reduced the sentences. In *Ledbetter*, a 30-year sentence imposed for lewd and lascivious conduct was reduced to 15 years. In *Ross*, which also involved a lewd and lascivious offense, sentences of three terms of 10 years each, to be served consecutively, were modified by this Court to provide that the sentences run concurrently, in essence a reduction from 30 to 10 years.

■ It would serve no legitimate purpose to here report the details of the crimes in those cases, which are readily available in the reported opinions, as are also the Court's reasons for modifying those sentences as unduly harsh. We simply hold today in this case that the eight-year sentence is not unduly harsh for the two crimes here confessed by the guilty plea—which included grand larceny as well as the crime of lewd and lascivious conduct. Neither *Ledbetter* nor *Ross* compels us to hold otherwise. Undoubtedly the trial court was cognizant of those cases in imposing sentences the totality of which was below the *Ledbetter* and *Ross* sentences as modified.

■ Chambliss also argues that the trial court did not accord sufficient consideration to the psychiatric report which he contends projects his continued improvement if kept on lithium, which treatment apparently was for the first time being attempted as a solution for his psychological maladies while he was incarcerated awaiting disposition. Admittedly the report speaks well for the future of Mr. Chambliss. However, we are not persuaded that the trial court ignored it in reaching his sentencing decision, but are rather of the view that the lithium treatment was thought to be of an insufficient duration of time upon which to predicate a structured probation which might benefit Chambliss and yet protect the public. The report ended with the cautioning statement that the improvements described certainly did not mean that Chambliss did not still have serious emotional difficulty, and that living in jail presented him with very few decisions to make on his own—making it very difficult to evaluate where he was at with regards to reasoning and judgment. We are not persuaded that we should interfere, and accordingly, the sentences imposed are upheld, and the judgment affirmed.

Affirmed.