649 P.2d 1228

STATE of Idaho, Plaintiff-Respondent,

v.

Nathan Harvard BYLAMA, Defendant-Appellant.

No. 13735.

Court of Appeals of Idaho.

Aug. 17, 1982.

Petition for Review Denied
Oct. 28, 1982.

Eric T. Nordlof, Nordlof & Loats, Coeur d'Alene, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Appellant was convicted of robbing a bank in Coeur d'Alene, Idaho. The trial judge sentenced him to custody of the Board of Correction for an indeterminate term not exceeding twenty years. Bylama's appeal raises these principal issues: Was it error for the trial judge to sentence him without a complete presentence report, including a psychological evaluation? Was the sentence excessive?

Appellant stated in court that Nathan Harvard Bylama was not his right name, but he refused to divulge his true identity. He insisted on defending himself and he did so, both at trial and at the sentencing hearing, with a standby, court-appointed attorney to assist him when requested.

Appellant refused to cooperate with the presentence investigator who had the responsibility of preparing the presentence report. Appellant provided only sketchy information which the investigator considered "questionable." He consistently refused to provide pertinent additional information regarding his identity or past life. The investigator was convinced that appellant was "an intelligent person, and one who is determined to keep his true identity a secret." He reported to the court that he and other law enforcement investigators had "checked every feasible lead, and have discovered no additional information than that already listed in the report." The investigator could uncover no prior criminal record, based on the information available.

*Sentencing Process.*

Appellant contends the presentence report was inadequate because it did not include all of the information required by I.C.R. 32(b). However, the failure to meet all of those requirements was the result of appellant's refusal to cooperate in the preparation of the report. He cannot now claim that the deficiencies in the report precluded the trial court from sentencing him. *See State v. Lopez,* 100 Idaho 99, 593 P.2d 1003 (1979); *King v. State,* 93 Idaho 87, 456 P.2d 254 (1969).

At sentencing the trial judge recognized that he did not have much information about the appellant upon which to base his sentence. Through counsel on appeal, appellant now contends that the trial judge abused his discretion in not ordering that a psychological evaluation be made part of the presentence report.

▉The determination of whether a psychological evaluation should be included in a presentence report is one for the sound discretion of the trial court. Idaho Criminal Rule 32(b)(10) provides that a presentence report should include a "complete summary of the presentence investigator's view of the psychological factors surrounding the commission of the crime or regarding the defendant individually which the investigator discovers." The rule further provides that, *"[w]here appropriate*, the analysis should also include a specific recommendation regarding a psychological examination and a plan of rehabilitation." (Emphasis supplied.)

The presentence report contains no mention of appellant's psychological condition other than reciting a statement by appellant that he had no reason to consult a doctor for either physical or psychological purposes since his arrest. At sentencing, however, his attorney said appellant owed a $532.21 hospital bill "for medical services when incarcerated." This is not explained in the record.

Appellant now urges that a psychological evaluation was required in light of the decision in *State v. French*, 95 Idaho 853, 522 P.2d 61 (1974). In that case, our Supreme Court noted that the information contained in the presentence report, concerning the defendant's psychological condition, was "sketchy and unskilled." *Id.* at 854, 522 P.2d at 62. After noting that the defendant was a "family man and a dependable worker without any prior criminal record who committed a forcible rape without any explanation," the Supreme Court said:

> This case begs for a psychological evaluation. The omission of such an evaluation in this case deprived the district court of

pertinent information essential to pronouncing an appropriate judgment.

*Id.* at 855, 522 P.2d at 63.

However, in the later case of *State v. Whitman*, 96 Idaho 489, 491, 531 P.2d 579, 581 (1975), the Idaho Supreme Court emphasized that, ". . . *French* does not hold that a psychological evaluation is required in every criminal case where the trial judge orders a presentence report."

The facts of this case, unlike *French*, suggest a wilful design on the part of appellant to reveal as little about himself as possible. The record reveals appellant as an articulate person capable, in a nonprofessional way, of actively participating in—and even directing—his defense in a five-day jury trial.

▉At the sentencing hearing, appellant referred to the presentence report, saying it was incomplete and that it lacked a "treatment plan and/or optional recommendations." However, appellant did not offer to provide any additional information. His counsel confirmed that appellant chose not to provide additional information about himself. There is no indication that, if a psychological evaluation had been ordered, appellant would have cooperated; nor is there any showing that a meaningful examination could have been conducted without such cooperation. Upon this record we hold that failure to order a psychological evaluation was not error.

*The Sentence Imposed.*

▉Appellant also contends that the indeterminate twenty-year sentence was excessive. When a sentence imposed is within the statutory limits, the appellant has the burden of showing a clear abuse of discretion on the part of the sentencing court. *E.g., State v. Wolf*, 102 Idaho 789, 640 P.2d 1190 (Ct.App.1982); *State v. Seifart*, 100 Idaho 321, 322, 597 P.2d 44, 45 (1979).

Under I.C. § 18–6503, robbery is punishable by imprisonment in the state prison for a term not less than five years, and the imprisonment may be extended to life. Appellant's sentence, being less than the maxi-

mum permissible sentence, is within the statutory limits.

We now turn to whether appellant has shown a clear abuse of discretion. A sentence within statutory limits may be shown to be excessive when applied to the facts of a particular case. *State v. Stormoen*, 103 Idaho 83, 645 P.2d 317 (1982). Particularly, the reviewing court should correct a sentence which is excessive in length, "having regard to the nature of the offense, the character of the offender, and the protection of the public interest." *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978).

Here appellant used a loaded revolver to threaten a bank teller, in the course of robbing a bank, when several customers and bank employees were present. Appellant acted alone, and he was apprehended within an hour, without injury to any person. The gun used in the robbery had been stolen two years before in Tacoma, Washington.

As noted previously, appellant revealed little information about himself. He has steadfastly concealed his true identity, his family background, and personal circumstances. He gave only a date and place of birth to the presentence investigator and the name of a place in Tacoma, Washington, where he had worked the month before the robbery. A person there told the investigator that appellant had said he had once had a roofing business in California and that he had been "drifting" since the breakup of his marriage several years earlier.

Appellant asked that he be placed on probation. Upon this record, however, probation was not a reasonable alternative. There was scant information upon which to base an evaluation of the appellant's past history or propensity to commit more crimes. Appellant revealed nothing about his character and attitude except to say he was "framed." Lacking such information, and being confronted with a felony involving a firearm, the judge had no choice, in our view, but to treat the appellant as a poor probation risk and a person in need of correctional treatment at an institution. *See* I.C. § 19–2520.

Ordinarily, a first offender should be accorded more lenient treatment than the habitual criminal. *State v. Owen*, 73 Idaho 394, 402, 253 P.2d 203, 207 (1953). Here, an extensive record check of law enforcement agencies in several states turned up no prior criminal record. Realistically, however, the trial court could hardly be convinced of appellant's former good character and behavior where appellant would reveal nothing of his background, and efforts to learn his true identity were futile.

Under these circumstances we uphold the sentence imposed as being within the district court's sound discretion. At the same time we note that appellant has an opportunity to seek some relief from the length of the sentence through the provisions of I.C.R. 35. This rule allows the sentencing judge to reduce a sentence within 120 days after receipt of the remittitur affirming the judgment. If appellant were to disclose his true identity and background, and to cooperate in such further evaluation as the court or Board of Correction might offer, then the judge could reconsider the sentence in light of the more complete information.

Most of the alleged errors were not raised before the trial court. Matters not raised below can be considered on appeal only if they demonstrate fundamental error which has deprived appellant of due process. *State v. Baker*, 103 Idaho 43, 644 P.2d 365 (Ct.App.1982). However, we do not have sufficient information in the record on which to base a review of any of the alleged errors. We have only the bare allegations of appellant. Error will not be presumed on appeal, but must affirmatively be shown by appellant. *State v. Thomas*, 94 Idaho 430, 489 P.2d 1310 (1971). No error has been shown.

The judgment of conviction and sentence are affirmed.

WALTERS, C. J., and BURNETT, J., concur.