Raymond Wade WATSON *v.* CITY OF FAYETTEVILLE

CR 95-648                                             909 S.W.2d 637

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Raymond Wade Watson was convicted in a trial to the court without a jury of driving while intoxicated, first offense, and failure to maintain control of his motor vehicle. He was ordered to report to the Ozark Guidance Center (OGC) for presentence evaluation for the purpose of compilation of an Arkansas Highway Safety Program presentence report in accordance with Ark. Code Ann. § 5-65-109(a) (Repl. 1993). Upon advice of his counsel, Mr. Watson declined to report to the OGC. The Trial Court sentenced him to a fine and incarceration for 30 days with credit for time served and 29 days suspended.

Mr. Watson was held in contempt for his failure to attend the OGC, and his driving privilege was suspended until such time as he "elects to undergo that screening." He contends the contempt ruling was in error because he should have had a jury trial on that issue and because his participation in the presentence procedure would violate his right not to incriminate himself. He also contends it was error to sentence him prior to receiving the presentence report. We uphold the contempt ruling and reverse and remand for resentencing upon receipt of the report.

## 1. Contempt

■ Mr. Watson was not entitled to a trial by jury with respect to the contempt citation because it was remedial and coercive in nature. We discussed the distinction between this kind of order and a punitive or criminal contempt citation in *Fitzhugh* v. *State*, 296 Ark. 137, 752 S.W.2d 275 (1988). In that case, we found a fine to be punitive, but we pointed out the United States Supreme Court decision *Hicks ex rel. Feiock* v. *Feiock*, 485 U.S. 624 (1988), in which the remedial nature of a coercive contempt order was emphasized with the adage, "And those who are imprisoned until they obey the order, 'carry the keys of their prison in their own pockets.'" Mr. Watson had waived his right to a jury in the underlying proceeding, and that poses no issue in this appeal.

Mr. Watson's refusal to obey the order was based on his counsel's advice. His counsel argued to the Trial Court that Mr. Watson's participation in the compilation of the presentence report would violate his privilege against self incrimination. The argument is based on § 5-65-109(c) which states "The report shall include, but not be limited to, the offender's driving record, an alcohol problem assessment, and a victim impact statement where applicable." His contention is that revelations by him in response to questions on those matters could cause an increase in his sentence.

In *Janes* v. *State*, 285 Ark. 279, 686 S.W.2d 783 (1985), we rejected an argument that a presentencing report could violate one's right not to incriminate oneself and said, "the act does not require a defendant to take any action whatever in response to the State's proof or to the presentence report...." Evidently the issue was slightly different in that case, as the quoted holding does

not address Mr. Watson's point that requiring him to participate could violate his rights.

In *People* v. *Baker*, 526 N.E.2d 157 (Ill. 1988), the Illinois Supreme Court faced a similar issue. The situation was somewhat different in that the Illinois statutes provided for a presentence report but did not require it. It was held that, because the report was permissive only, it was improper for the Trial Court to have held the defendant, who refused to participate, in contempt. It was pointed out, however, that the privilege against self incrimination may be invoked during an evaluation intended to lead to a presentence report. The Illinois Court of Appeals had held that it was unnecessary for the defendant to attend the presentence evaluation in view of his right not to answer questions which could be incriminating. That holding was rejected in the Illinois Supreme Court's decision.

■ The mere possibility that Mr. Watson may be asked questions, the answers to which may have the effect of causing the Trial Court to sentence more harshly than it otherwise might, does not excuse violation of the Trial Court's order that he report to the agency charged with the responsibility of conducting an evaluation. His self-incrimination argument was, at best, premature. The contempt ruling was proper.

### 2. The sentence

Section 5-65-109(b) provides, "The presentence report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report." Mr. Watson argues that, as there has been no presentence report, it was a violation of the statute and error for the Trial Court to have sentenced him. The State responds that the violation was "invited error," and thus it may not form the basis of a reversal, citing *Morgan* v. *State*, 308 Ark. 627, 826 S.W.2d 271 (1992).

■ In the *Morgan* case a criminal defendant disrupted a trial and then asked the Trial Court to declare a mistrial. We held that "one who is responsible for error cannot be heard to complain of that for which he was responsible." The problem with applying that rule in this case is that it would obviate the need

for, and thus be inconsistent with, the contempt order. Section 5-65-109(b) clearly states that, in a bench trial, the court "shall not" pronounce sentence until the presentence report has been received. If we were to hold that Mr. Watson could be sentenced without a presentence report because he invited the error, we would contradict the mandatory language of the statute.

The Trial Court has taken action to see to it that a presentence report is received. In these circumstances, we reverse the sentence and remand the case for resentencing upon receipt by the Trial Court of the Arkansas Highway Safety Program report.

Affirmed in part, reversed in part, and remanded.

GLAZE and BROWN, JJ., dissent.

TOM GLAZE, Justice, dissenting. I join in Justice Robert L. Brown's dissenting opinion to the extent he would affirm the trial court's sentencing of appellant Raymond Watson. I disagree with both Justice Brown and the majority court that the trial court's civil contempt order should be upheld. The civil contempt directive suspended Watson's driving privileges until he reports to the Ozark Guidance Center.

As Justice Brown points out in his opinion, the trial court was well within its authority to sentence Watson after Watson refused to report to the Center. Clearly he cannot be heard to complain because his own action, or lack thereof, resulted in his presentence report not being prepared and submitted to the court for sentencing purposes. *See Morgan* v. *State*, 308 Ark. 627, 826 S.W.2d 271 (1992).

Nonetheless, when Watson's sentence was imposed without benefit of a presentence report, the coercive nature and purpose of the trial court's civil contempt order ended. Clearly the trial court's order compelling Watson to appear at the Center no longer had any import after the court sentenced Watson.

Finally, I note the majority opinion cites the case of *Fitzhugh* v. *State*, 296 Ark. 137, 752 S.W.2d 275 (1988), in support of its decision to uphold the trial court's civil contempt order in this criminal case. The *Fitzhugh* decision, however, defines a civil contempt proceeding to be one instituted to preserve and enforce the rights of *private parties to suits* and to compel obedience to

orders and decrees made for benefit of those parties. *Id.* at 139, 752 S.W.2d at 276. For this reason, as well, I would vacate the trial court's civil contempt order.

Accordingly, I would affirm the trial court's sentence, but reverse and dismiss its civil contempt order.

ROBERT L. BROWN, Justice, dissenting. I would affirm both the contempt ruling suspending Watson's driving privileges until he reported to the Ozark Guidance Center for presentence evaluation and his sentence of a fine and 30-day incarceration with all but one day suspended and credit for time served.

The opinion reverses the sentence because Watson did not report to the Center, and § 5-65-109(b) makes that a prerequisite to pronouncement of sentence. I cannot agree that a defendant can fail to report and then proclaim that he is immune from sentencing. The effect of the majority opinion is to allow a defendant to bypass sentencing by simply refusing to partake in presentence evaluation. If Watson can avoid sentencing in this manner, why cannot similarly situated defendants do likewise? The General Assembly certainly did not intend such contorted consequences or envision nonparticipation in the evaluation as an avenue for obstructing pronouncement of sentence.

Other jurisdictions lend credence to this dissenting opinion. *Kansas* v. *Borders*, 255 Kan. 871, 879 P.2d 620 (1994); *Idaho* v. *Bylama*, 103 Idaho 472, 649 P.2d 1228 (1982). In *Borders*, the defendant was convicted of three counts of rape and first-degree murder and refused to be interviewed as part of the presentence investigation. Kansas statutes made a presentence investigation mandatory. The Kansas Supreme Court denied the defendant's claim of a due process violation:

> The defendant was given the opportunity of an interview and declined. The defendant cannot refuse to participate in the PSI interview process and then use the failure of an interview as a ground for appeal. We know of no rule of law that requires the court services officer to continue making attempts at a personal interview with the defendant after the defendant has refused the opportunity and refused to cooperate.
>
> The defendant's due process rights were fully protected by the trial judge in this case, and the defendant has

shown no prejudice. We find no abuse of discretion by the trial court in any of the issues asserted on appeal.

879 P.2d at 631.

In *Bylama,* the Idaho statute required a psychological examination of the defendant as part of a presentence report where appropriate. The defendant, who was convicted of bank robbery, did not cooperate in the psychological evaluation. The Idaho Court of Appeals concluded:

> Appellant contends the presentence report was inadequate because it did not include all of the information required by I.C.R. 32(b). However, the failure to meet all of those requirements was the result of appellant's refusal to cooperate in the preparation of the report. He cannot now claim that the deficiencies in the report precluded the trial court from sentencing him. *See State* v. *Lopez,* 100 Idaho 99, 593 P.2d 1003 (1979); *King* v. *State,* 93 Idaho 87, 456 P.2d 254 (1969.)

649 P.2d at 1229.

The decisions in Kansas and Idaho make good, common sense, and I would follow them. To do otherwise allows a defendant to escape punishment by his own recalcitrance.

I respectfully dissent.